NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | Criminal Action No. 12-672 (JAP) |
| GEORGE CHRYSANTHOPOULOS, | : | **OPINION** |
| Defendant. | : | |

PISANO, District Judge.

Presently before the Court is Defendant George Chrysanthopoulos's motion to sever counts in the indictment pursuant to Federal Rules of Criminal Procedure 8(a) and 14 and to review agents' rough notes and draft reports in camera.[1] The Government has opposed this motion. For the reasons stated herein, the Court denies the motion for severance, and denies without prejudice the motion to review agents' notes and drafts.

**I.   Background**

On October 4, 2012, a federal grand jury returned a seven-count indictment against Defendant George Chrysanthopoulos ("Defendant"). Count One charges Defendant with mail fraud conspiracy, in violation of 18 U.S.C. §§ 1346, 1349. Count Two charges Defendant with violating the Travel Act, 18 U.S.C. § 1952(a)(3), based upon a violation of N.J.S.A. § 2C:21-10. Counts Three and Four charge Defendant with mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, 1346. Counts Five and Six allege that Defendant violated the Travel Act, 18 U.S.C.

---

[1] Defendant also moved for issuance of a bill of particulars and to compel discovery. For the reasons stated on the record on September 4, 2013, and for good cause shown, these portions of the motion were denied.

§ 1952(a)(3), based upon a violation of N.J.S.A. § 2C:21-10.  Count Seven charges Defendant with federal funds bribery, in violation of 18 U.S.C. § 666.

Currently, Defendant is seeking to sever several of the counts brought against him.  Specifically, Defendant is moving to sever Count Seven from Counts One through Six, as well as a severance of Counts One and Two from Counts Three to Six.  Defendant is also requesting the Court conduct an <u>in</u> <u>camera</u> review of the agents' rough notes and draft reports.

## II. <u>Discussion</u>

### A. <u>Severance</u>

On a motion to sever, the Court must consider Federal Rules of Criminal Procedure 8 and 14.  Federal Rule of Criminal Procedure 8(a) allows the joinder of offenses against a single defendant in an indictment, provided that the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute part of a common scheme or plan." Fed. R. Crim. P. 8(a).  Generally, a court's inquiry into whether the offenses were properly joined focuses on the language of the indictment.  *See United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003).  However, it is appropriate to look beyond the face of the indictment in certain limited circumstances, such as where representations are made in pre-trial documents that clarify the factual connections between the counts.  *See United States v. Heilman*, 377 F. App'x 157, 202 (3d Cir. 2010) (citing *United States v. McGill*, 964 F.2d 222, 242 (3d Cir. 1992)).

Rule 8 is broadly construed by courts in order to "promote economy of judicial and prosecutorial resources." *United States v. Gorecki*, 813 F.2d 40, 42 (3d Cir. 1987).  Joinder is appropriate where "the specific counts refer to the same type of offenses, occurring over a relatively short period of time, and the evidence as to each count of necessity overlaps." *Johnson*

*v. United States*, 356 F.2d 680, 682 (8th Cir. 1966). Additionally, Rule 8(a) is interpreted as being more permissive of joinder than its counterpart in Rule 8(b), in part because it allows joinder of offenses that are "of the same or similar character." *See United States v. McGill*, 964 F.2d 222, 241 (3d Cir. 1992). To that regard, a "similar" offense under the Rule does not mean an "identical" offense. Rather, similar counts are those that "are 'somewhat alike' or share 'a general likeness,' or otherwise have a sufficient logical connection and can be tried using the same evidence." *Heilman*, 377 F. App'x at 202 (internal citations omitted); *accord United States v. Werner*, 620 F.2d 922, 926 (2d Cir. 1980) (explaining that joinder under Rule 8(a) does not require "too precise an identity between the character of the offenses").

Here, the Court finds that the indictment did not improperly join separate, unrelated crimes allegedly committed by Defendant. A review of the indictment and the pre-trial documents shows that the charged offenses are all "of the same or similar character." Counts One through Seven all allege that Defendant either paid or sought to pay bribes and kickbacks in order to improperly advance the interests of his company; the fact that the actual statutes charged are different does not change the very basic similarities that lie on the face of the indictment. Not only are these charges of a similar character that occur over a relatively short period of time, but, significantly, the evidence as to each offense will necessarily overlap.

Specifically, Counts One through Six are appropriately joined in the indictment. Not only do these Counts all involve bribery and kickbacks in connection with mail and wire fraud, but also involve the same victims, witnesses, and locations in relation to the same alleged general scheme to bribe an employee of a company in order to advance Defendant's company's interests. Further, because the indictment indicates that the conduct charged in Counts One and Two was the impetus for Counts Three though Six, the evidence of these charges will also overlap.

3

Overall, because of the similar character of the charged offenses and logical relationship between the charges, joinder of Counts One through Six was appropriate.

Next, Count Seven was likewise appropriately joined to Counts One through Six in the indictment. As discussed, the individual charges, while statutorily distinct, all allege similar improper conduct by Defendant—that Defendant offered to pay or did pay bribes and kickbacks in order to advance the interests of his construction company. That Count Seven involves bribes with a public contract, as opposed to the private contracting involved with Counts One through Six, does not change the similar core that exists between all seven of the charges. Furthermore, the evidentiary overlap between the counts favors joinder. Not only will there be common witnesses and evidence relating to Defendant's construction contracts, but, significantly, evidence from Counts One through Six would likely be admissible at a separate trial for Count Seven. *See United States v. Weber*, 437 F.2d 327, 332 (3d Cir. 1970). Joining these similar offenses in a single trial promotes judicial and prosecutorial economy, thereby serving the primary purpose of the Rule. Therefore, joinder of Counts One through Seven was appropriate.

Even if joinder is appropriate under Rule 8, a defendant may seek to sever certain counts from a single indictment under Rule 14, where the moving defendant proves that he would suffer undue prejudice from the joinder of the counts. Federal Rules of Criminal Procedure 14(a), in relevant part, provides: "If the joinder of offenses…in an indictment…appears to prejudice a defendant or the government, the court may order separate trials of counts…or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Under Rule 14, a defendant bears a "heavy burden in gaining severance," *United States v. Quintero*, 38 F.3d 1317, 1343 (3d Cir. 1994), and must "'pinpoint clear and substantial prejudice resulting in an unfair trial.'" *United States v. Riley*, 621 F.3d 312, 335 (3d Cir. 2010) (quoting *United States v. McGlory*, 968 F.2d 309, 340

4

(3d Cir. 1992)). A motion to sever should, in fact, only be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). A defendant is not entitled to severance based merely on the fact that they may have a better chance of acquittal in separate trials. *See McGlory*, 968 F.2d at 340. The question of prejudice hinges on if a jury can "compartmentalize" the evidence as it relates to each separate count, considering the volume of evidence and limited admissibility. *See United States v. Davis*, 397 F.3d 173, 182 (3d Cir. 2005). Once a defendant has met its burden of demonstrating prejudice, the Court may exercise its discretion to grant the motion to sever after "balanc[ing] the potential prejudice to the defendant against the advantages of joinder in terms of judicial economy." *United States v. Sandini*, 888 F.2d 300, 305 (3d Cir. 1989).

In this case, severance under Rule 14 is inappropriate because Defendant has failed to show sufficient prejudice in order to sustain the motion. Weighing all the relevant factors, the Court emphasizes that the underlying facts presented in Counts One through Seven are intertwined in such a way that severance would be impractical and would not serve the interests of judicial economy. Moreover, Defendant has failed to pinpoint any specific instance of "substantial prejudice" that would result in an unfair trial and outweigh the factors in favor of joinder. While Defendant argues that the jury will be unable to compartmentalize the evidence between the counts, Defendant has not offered any real reason why a properly instructed jury would be unable to do so. Juries, after all, "are presumed to follow their instructions," *Zafiro*, 506 U.S. at 540-41, and instructions that strictly inform a jury to consider separately the evidence against the defendant on each offense charged are "persuasive evidence that refusals to sever did not prejudice the defendant[]." *United States v. Lore*, 430 F.3d 190, 206 (3d Cir. 2005) (internal

quotation omitted). Here, the facts are not so complex that a jury could not compartmentalize the elements of each charge, and there is no reason to believe that the jury would have difficulty segregating and considering the relatively simple facts as they pertain to each distinct count. *See Lore*, 430 F.3d at 205-206 (finding that segregation was not necessary when the counts in an indictment were "relatively straightforward and discrete, not involving overly technical or scientific issues"). Furthermore, it should be again noted that even if there was to be separate trials, evidence from each trial would be admissible in the others under Federal Rule of Evidence 404(b). Consequently, because Defendant has failed to show that there is a "serious risk" of "compromis[ing] a specific trial right" that would outweigh the factors in favor of joinder, the Court denies the motion to sever made by Defendant.

Therefore, because joinder of the offenses in the indictment was proper under Rule 8 and severance of the counts is inappropriate under Rule 14, Defendant's motion to sever counts from the indictment is denied.

    B.    *In Camera* Review of Rough Notes and Drafts

The Third Circuit requires that the government retain agents' rough interview notes and drafts of investigative reports. *See United States v. Ramos*, 27 F.3d 65, 68-69 (3d Cir. 1994) (citing *United States v. Vella*, 562 F.2d 275, 276 (3d Cir. 1977); *United States v. Ammar*, 714 F.2d 238, 258-59 (3d Cir. 1983)). These interview notes and rough drafts are subject to production by the government only to the extent that they either contain *Brady* material or constitute statements falling under the Jencks Act. *See Ramos*, 27 F.3d at 68-69. This rule exists to permit prosecutors and then, if necessary, trial judges the opportunity to review the notes and/or drafts to assure that no *Brady* or Jencks material is present. If no such material exists

within the notes and/or drafts, then the material is not produced to the defense. *See id*. *See also United States v. Harrison*, 524 F.2d 421, 435 (D.C. Cir. 1975).

Here, Defendant's request for this Court to order that the Government produce the rough notes and draft reports for an in camera review will be denied without prejudice. Defendant is entitled to the discovery of this material only to the extent that it falls within the purview of *Brady* or the Jencks Act. The Government has represented that it has complied with its obligations under *Vella*. To the extent any rough notes or draft reports fall within the limited areas of disclosure covered by *Brady* or the Jencks Act, the Government shall produce the materials beginning October 1, 2013, in accordance with the Court proceeding on September 4, 2013. To the extent Defendant seeks the production of any rough notes and draft reports not falling within these areas, the motion will be denied without prejudice to renew at trial subject to a specific showing that any particular rough notes or draft reports not otherwise produced may contain information falling within the purview of *Brady* or the Jencks Act.

### III. Conclusion

For the reasons above, Defendant's motion to Count Seven from Counts One through Six is denied. Defendant's motion to sever Counts One and Two from Counts Three to Six is denied. Defendant's motion for an in camera review by the court of the rough notes and draft reports is denied without prejudice. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: September 10, 2013